UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT MACKINNON,

    Plaintiff,

v.

LOGITECH INC., et al.,

    Defendants.

Case No. 15-cv-05231-TEH

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT**

    The parties' cross-motions for summary judgment are currently scheduled for hearing on April 17, 2017. The hearing date has been continued for various reasons, including judicial economy in hearing both parties' motions simultaneously, counsel's unavailability, the Court's unavailability, and, most recently, to allow late depositions of Craig Malloy and Jeffrey Dill, as ordered by the magistrate judge on February 9, 2017.

    On February 16, 2017, the Court held a telephonic status conference at which it vacated the then-scheduled hearing date of February 27, 2017, to allow the late depositions to proceed. The parties then stipulated to, and the Court ordered, the April 17, 2017 hearing date.

    Neither the stipulation nor order contemplated any supplemental briefs, and Defendants expressed an opposition to the filing of such briefs at the February 16 conference. However, the Court continued the summary judgment hearing to ensure that the parties and the Court could adequately consider the late depositions. Accordingly, the Court will consider the uninvited supplemental brief filed by Plaintiff on April 11, 2017. In fairness, the Court will also allow Defendants an opportunity to respond.

    After reviewing the parties' summary judgment briefs, the Court only has questions about Plaintiff's statutory claim for age discrimination under Maryland law. Counsel shall file supplemental briefs responding to the questions below on or before **April 19, 2017**. Defendants shall include in their supplemental brief any response they wish to make to

Plaintiff's April 11, 2017 supplemental brief. The hearing is continued to **May 1, 2017, at 10:00 AM**, and will be limited to Plaintiff's Maryland age discrimination claim and Defendants' affirmative defenses. The Court finds the remainder of the issues suitable for resolution without oral argument and intends to grant summary judgment to Defendants on all other claims.

If the parties would prefer to discuss settlement of the only potential remaining claim before devoting additional resources to preparing these supplemental briefs, the Court would entertain a stipulated request to continue the dates in this order, as well as the May 23, 2017 trial date. However, the Court's only available trial date after May 23 is June 6, 2017.

**Questions for both parties**

1. In the absence of any federal or California claims, should Plaintiff's age discrimination claim under Maryland state law be tried by this Court or transferred to another court for resolution?

2. You rely on Ninth Circuit case law interpreting the federal Age Discrimination in Employment Act ("ADEA") to argue for summary judgment under both the ADEA and Maryland Code, State Government section 20-602. Do you agree that the same analysis applies under both statutes?[1]

3. What legal authority supports your respective positions that Sophia McCulloch[2] or Jeffrey Dill should be considered MacKinnon's replacement for purposes of determining whether MacKinnon has established a prima facie case of age discrimination?

---

[1] The case cited by Defendants in footnote 3 of their motion for summary judgment refers to Title VII and not the ADEA. *See Wimbush v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc*., No. CV TDC-14-0525, 2016 WL 775410, at *19 (D. Md. Feb. 29, 2016) ("When the same claim is pleaded under both Title VII and the FEPA, the outcome will generally be the same.").

[2] Plaintiff sometimes uses "Sophia McCullough," but "McCulloch" appears to be the correct spelling. The parties should note the correct spelling in their supplemental briefs.

**Questions for Plaintiff**

4. You failed to respond to Defendants' argument that your Maryland statutory claim fails because you did not follow the requirements of Maryland Code, State Government section 20-1013. Should the Court construe your silence as a concession?

5. You included with your April 11, 2017 supplemental brief a declaration by Robert Brown signed on February 6, 2017. Why should the Court consider this declaration, when the only basis for continuing the summary judgment hearing was to allow the Malloy and Dill depositions to proceed?

**Questions for Defendants**

6. Why couldn't the jury conclude that MacKinnon was initially replaced by Sophia McCulloch, or that Jeffrey Dill's short tenure supports MacKinnon's age discrimination claim?

7. Why isn't there enough circumstantial evidence for Plaintiff to survive summary judgment, given that the Ninth Circuit has "repeatedly held that it should not take much for a plaintiff in a discrimination case to overcome a summary judgment motion"? *France v. Johnson*, 795 F.3d 1170, 1175 (9th Cir. 2015).

8. Which of your affirmative defenses are relevant to the Maryland statutory age discrimination claim?

**IT IS SO ORDERED.**

Dated: 04/12/17

_____
THELTON E. HENDERSON
United States District Judge