| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

ROBERT MACKINNON,
    Plaintiff,
  v.
LOGITECH INC., et al.,
    Defendants.

Case No. 15-cv-05231-TEH

**ORDER REMANDING CASE**

This Court granted summary judgment to Defendants on all claims except Plaintiff Robert MacKinnon's statutory age discrimination claim under Maryland law against Defendant Logitech Inc. ECF No. 88. The Court ordered supplemental briefs from the parties on that claim, including the following question: "In the absence of any federal or California claims, should Plaintiff's age discrimination claim under Maryland state law be tried by this Court or transferred to another court for resolution?" ECF No. 87 at 2.

The parties filed timely supplemental briefs. Both parties agree that this Court may decline to exercise supplemental jurisdiction over the Maryland claim now that no federal claims remain. MacKinnon suggests that the Court should remand the case to the Superior Court of California for the County of Alameda, from which this case was removed, and argues that if the Court does not remand, the case should remain in this district and not be transferred to Maryland. ECF No. 92 at 1-4. Logitech contends that the Court should decide whether the Maryland claim survives summary judgment and, if it does not, either dismiss the claim or transfer it to a district court in Maryland. ECF No. 91 at 2-3.

After considering the parties' arguments, the Court declines to exercise supplemental jurisdiction over MacKinnon's Maryland claim. *See* 28 U.S.C. § 1367(c)(3) (providing that a court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction"). Although Logitech would like this Court first to decide summary judgment and decline to exercise supplemental

jurisdiction only if summary judgment were denied, the Court finds it more appropriate to decline jurisdiction before weighing the merits of the remaining claim. This Court has no interest in deciding issues of Maryland state law. The Court also declines to transfer a case to another federal court when only one state-law claim remains for resolution.

Thus, the Court must decide whether to dismiss MacKinnon's remaining claim or remand the case to state court. To avoid any unfairness that might result from dismissal, the Court finds remand to be more appropriate. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351-53 (1988) (noting that "a remand generally will be preferable to a dismissal when the statute of limitations on the plaintiff's state-law claims has expired before the federal court has determined that it should relinquish jurisdiction over the case" and that, even when the statute of limitations has not expired, remand might still be preferable because dismissal would "increase both the expense and the time involved in enforcing state law").

Accordingly, this case is hereby remanded to the Superior Court of California for the County of Alameda.[1] The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: 04/20/17  
_____  
THELTON E. HENDERSON  
United States District Judge

---

[1] This result is not ideal since MacKinnon's remaining claim would best be resolved by a Maryland state court. However, there appears to be no mechanism for this Court to effectuate such a transfer. *See Carnegie-Mellon Univ.*, 484 U.S. 343 (allowing for dismissal or remand of a removed case); 28 U.S.C. § 1404(a) (allowing transfer only to another district court).

2